

PABLO A. FERNANDEZ
SENIOR COUNSEL
DIRECT TEL.: 516.355.9628
DIRECT FAX: 516.355.9660
PFERNANDEZ@RFRIEDMANLAW.COM

June 25, 2024

**VIA ECF ONLY**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

  Re.: *Accettola v. He, et al.*
     1:23-cv-01983 (LJL)

Dear Judge Liman:

The Russell Friedman Law Group, LLP represents Plaintiff Hong Danielle Accettola ("Plaintiff") in connection with the above-referenced matter. I write to respectfully request that the Court reconsider its decision to unseal the letter filed at DE43 and deny Plaintiff's application. *DE45*.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *cert. denied*, 569 U.S. 918 (2013)).

The undersigned was informed by one of the parties to the action of the order entered by this other Judge that a copy of the subject order had been provided to the Court. I was not a party to that communication and only became aware after being provided with a copy of Your Honor's Order [*DE41*] the morning of June 14, 2024. Subsequently, Your Honor's Order [*DE41*] was docketed, and the viewing level of that Order was restricted to the Court and Plaintiff's counsel only. I can only surmise that viewing of the Order was restricted as a result of the order entered by this other Judge. Thus, Plaintiff believed it could reasonably rely upon the understanding that this Honorable Court had knowledge of this other order and its content. If my understanding was incorrect, then I



June 25, 2024

Page 2

apologize for this error and would respectfully request an opportunity to request that the parties to the action of the order entered by this other Judge submit a copy to the Court so that it may be considered prior to the Clerk unsealing of the letter at DE43. It is respectfully believed and submitted that for the same reasons the Court restricted viewing of its Order [DE41] Plaintiff's application should be granted.

Therefore, for the reasons stated herein it respectfully requested that the Court reconsider its order denying Plaintiff's application.

It is further respectfully requested that should the Court still be inclined to deny the Plaintiff's application that the Court stay the time within which the Clerk is to unseal DE43 until Friday, June 28, 2024, to permit Plaintiff to request that a copy of subject order be provided to the Court for its consideration and/or permit the parties to the action of the order entered by this other Judge to state that disclosure of the letter would be violative of the subject order.

Thanking the Court for its time and consideration, I remain

Respectfully,
THE RUSSELL FRIEDMAN LAW GROUP, LLP
/S Pablo A. Fernandez
Pablo A. Fernandez

cc: Dean T. Cho, Esq. (Via ECF Only)

The motion for reconsideration is denied.  The Court has been clear that, if Plaintiff seeks to file a letter under seal, Plaintiff must demonstrate (1) that it would violate a court order if Plaintiff filed the letter on the public docket; and (2) that, if the court order would prevent the filing on the public docket of the letter, Plaintiff has attempted to intervene and obtain judicial relief permitting Plaintiff to file the letter on the public docket.  Plaintiff has not made the required showing.  (Plaintiff also has not shown how Plaintiff could conceivably be sanctioned for violation of a court order the terms of which Plaintiff has not been informed.)  The Court will give Plaintiff one last chance.  Plaintiff has until June 28, 2024, to make the requisite showings.  The Court will direct that the letter be unsealed in the absence of a showing satisfactory to the Court by 4:00 p.m. on Friday, June 28, 2024.  The Court has emailed a copy of this endorsement to the parties on the evening of June 25, 2024.

So Ordered.

June 25, 2024

LEWIS J. LIMAN
United States District Judge