```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/01/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
HONG DANIELLE ACCETTOLA,                                             :
                                                                     :
                            Plaintiff,                               :
                                                                     :      23-cv-1983 (LJL)
            -v-                                                      :
                                                                     :      MEMORANDUM AND
LINDA MEI HE et al.,                                                 :           ORDER
                                                                     :
                            Defendants.                              :
                                                                     :
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

  Defendants Linda Mei He, WL Global Corp. ("WL Global"), We Education Group Inc. ("We Education"), and Wailian Overseas Consulting Group Ltd. ("Wailian"), (collectively, "Defendants") move, pursuant to Federal Rule of Civil Procedure 37, for an order imposing sanctions on Plaintiff Hong Danielle Accettola and her counsel for failure of Plaintiff to appear at her noticed deposition on June 14, 2024, as well as her evasive discovery responses. *See* Dkt. No. 39.  Plaintiff opposes the motion and requests that discovery be stayed.  Dkt. No. 42.[1]

  For the following reasons, the motion for sanctions is granted in part and denied in part.

## BACKGROUND

  Plaintiff alleges that she was employed by WL Global as President beginning in 2013. Dkt. No. 1-2 ¶ 10.  Plaintiff further alleges that Defendant Mei He is the beneficial owner, manager or chief executive of Defendants WL Global, Wailian and We Education.  *Id.* ¶ 15. Plaintiff alleges that in approximately April 2020 she began to question certain transactions of

---

[1] Plaintiff also submitted a letter ex parte and under seal, providing further detail regarding her failure to appear.  Dkt. No. 43.  Plaintiff since requested the Court not to consider that submission.  Dkt. No. 45.  Accordingly, the Court has not considered the letter at Dkt. No. 43.

Defendants related to Paycheck Protection Program ("PPP") loans, which were given to U.S. businesses by the U.S. government during the COVID-19 pandemic. *Id.* ¶¶ 20–21. The transactions Plaintiff allegedly inquired about included an "abrupt switch in banking institutions for the Defendant corporations," "WeEducation's transfer of funds from WeEducation's holding company . . . to WL Global," and "My Visa Services, Inc.'s . . . foreign investment sales." *Id.* ¶ 21. Plaintiff alleges that, after making these inquiries, she was ostracized and shut out from many of her usual tasks at WL Global. *Id.* ¶ 22. Plaintiff allegedly continued to make complaints during 2021 until she was terminated on November 5, 2021, which she argues happened as a result of her reporting the allegedly fraudulent schemes to an internal auditor. *Id.* ¶¶ 23–26. Finally, Plaintiff alleges that despite her termination, Defendant Mei He has failed to remove Plaintiff as a signatory for certain bank and payroll accounts, that Plaintiff's personally identifiable information continues to be used without her consent, and that she continues to be contacted related to Defendants' businesses. *Id.* ¶¶ 27–28.

Plaintiff brings claims for retaliation under New York Labor Law § 740, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* ¶¶ 29–39. Defendants have asserted counterclaims against Accettola for fraud, breach of fiduciary duty, faithless servant, unjust enrichment, and conversion, alleging that she made materially false statements and misrepresentations to WL Global and its internal auditor during her employment and directed compensation to herself without authority or approval. *See* Dkt. No. 7.

## PROCEDURAL HISTORY

Plaintiff filed an Amended Complaint in New York Supreme Court on November 18, 2022. *See* Dkt. No. 1-2. The action was removed to this Court on March 8, 2023. Dkt. No. 1. Defendants filed an answer on March 15, 2023, Dkt. No. 7, and the Court held an initial pretrial conference on August 29, 2023, *see* Minute Entry for August 29, 2023.

On January 22, 2024, the Court entered a Case Management Plan and Scheduling Order directing that all depositions be completed by May 15, 2024, and fact discovery be completed by June 17, 2024. Dkt. No. 32. Defendants timely noticed Plaintiff's deposition for May 15, 2024. Dkt. No. 33. When Defendants sought to confirm that date with Plaintiff's counsel, Plaintiff's counsel responded that Plaintiff would not attend because she was out of the country and unavailable to attend and asked that Defendants "propose additional dates for Plaintiff's deposition." Dkt. No. 39-2. Defendants were forced to make a motion asking that the deadline to take depositions be extended to June 28, 2024. Dkt. No. 33. The Court denied the request that the deadline for depositions be extended to June 28, 2024 in a minute order that indicated that Defendants had not explained why the deposition could not be completed in the month of May or by the scheduled close of fact discovery on June 17, 2024. Dkt. No. 34. Consequently, the parties set Plaintiff's deposition for June 14, 2024. Dkt. No. 39-5. On June 13, 2024, the parties exchanged emails regarding the deposition. *Id*. Defendants asked for confirmation of the deposition "tomorrow beginning at 10:30 am." *Id*. Plaintiff's counsel responded: "We are confirmed. Thank you." *Id.*

Defendants' counsel and a court reporter appeared for the deposition on June 14, 2024. Dkt. No. 39. Plaintiff did not. Approximately three minutes before the deposition was scheduled to commence, counsel for Defendants received a call from an individual who identified herself as the assistant to Plaintiff's counsel. *Id.* The assistant informed Defendants that neither Plaintiff nor her counsel would be appearing that day and that Plaintiff's counsel would call later that day. *Id.* Plaintiff's counsel did not call. *Id.* Plaintiff has since filed a letter purporting that their reason for not attending the June 14, 2024 deposition related to a separate

court order entered in another court, about which Plaintiff states she does not have a copy and she has not seen, that prevented her from appearing for the deposition.  *See* Dkt No. 42.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) provides for a range of "sanctions for failure to obey discovery orders."  *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017).  Once it is determined that a party failed to comply with a discovery order, the Court may impose "just orders" or sanctions including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. Proc. 37(b)(2)(A).

"Instead of or in addition to the orders above," Rule 37(b) also provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. Proc. 37(b)(2)(C).  "Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, 'notwithstanding a lack of wilfulness [sic] or bad faith, although such factors are relevant . . . to the sanction to be imposed for the failure.'"  *Henry v. Miller*, 2019 WL 5865643, at *2 (S.D.N.Y. Sept. 9, 2019), *report and recommendation adopted*, 2019

4

WL 5865094 (S.D.N.Y. Nov. 8, 2019), *and objections overruled*, 2019 WL 6038090 (S.D.N.Y. Nov. 14, 2019) (quoting *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 134989, at *4 (S.D.N.Y. Jan. 17, 2003)).

Courts have broad discretion to order sanctions under this Rule. *See Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002); *see also Burrell v. Am. Tel. & Tel. Corp.*, 282 F. App'x 66, 67 (2d Cir. 2008) (summary order). Numerous factors are relevant to the exercise of this discretion, "including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance." *Handwerker*, 211 F.R.D. at 208. "In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Id.*

"The 'mildest' sanction 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016) (quoting *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Id.* "If monetary sanctions are not sufficient, more stringent orders may be issued, including adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, and orders deeming disputed issues determined adversely to the position of the disobedient party." *Focus 2000 Corp.*, 2017 WL 2840279, at *10 (internal

5

quotation marks omitted).

Although the Court should consider the actual difficulties that a violation causes as well as less drastic responses before ordering preclusion, "preclusion orders are entirely appropriate where the disobedient party has violated a court order to produce the evidence necessary to resolve the issue as to which preclusion is sought." *Id.* "Where the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue—or simply directing that the matter be taken as established—is also appropriate." *Id.* at *11.

A party applying for sanctions under Rule 37 need not show bad faith. *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014). Failure to comply with discovery orders, including failure to attend depositions and giving last minute notices of refusal to attend depositions can result in harsh sanctions including default judgment. *See, e.g.*, *S.E.C. v. Setteducate*, 419 F. App'x 23, 24–25 (2d Cir. 2011) (summary order); *Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 212 F.R.D. 464, 469 (S.D.N.Y. 2003) (dismissing action due to plaintiff's vexatious behavior in avoiding depositions).

## DISCUSSION

The Court addresses: (1) the failure of Plaintiff to appear at the deposition; (2) the responses to the requests to admit; and (3) the request for a stay.

### I.    Plaintiff's Failure to Appear for Deposition

Defendants ask that Plaintiff's pleadings be stricken, that judgment in the action be issued in Defendants' favor, and that Plaintiff and her counsel be jointly and severally liable for Defendants' attorneys' fees and costs incurred in connection with Plaintiff's deposition and the making of this motion. Dkt. No. 39 at 1. An order striking the Plaintiff's pleadings and entering judgment in favor of Defendant is a drastic remedy, to be resorted to only as a last resort. *See*

*Park v. Sancia Healthcare, Inc.*, 2019 WL 6831382, at *3 (S.D.N.Y. 2019). It may soon become appropriate in this case. It is not yet required. It is possible, though perhaps unlikely, that the failure of Plaintiff to appear for deposition was based on a good faith, though badly mistaken, view that Plaintiff could delay the deposition based upon the existence of an order entered by another court whose content was not made known to her and from which she did not seek relief, and whose content has not been disclosed to this Court. In any event, a slight delay in the taking of the deposition does not demonstrate sufficient prejudice to require what would be the dismissal of Plaintiff's case.

The Court will give Plaintiff one last chance. The Court orders sanctions in the amount of attorneys' fees and costs expended by Defendant in preparing for and attending the cancelled deposition as well as in preparing its motion for sanctions. *See, e.g.*, *John Wiley & Sons, Inc.*, 298 F.R.D. at 149 (granting the imposition of reasonable attorneys' fees as sanction for the opposing party's failure to attend a deposition); *Burks v. Stickney*, 837 F. App'x 829, 832–33 (2d Cir. 2020) (summary order) (affirming sanctions in the form of attorneys' fees for uncooperative behavior by litigants with regard to deposition scheduling). The Court also orders Plaintiff to make herself available for deposition by August 1, 2024 on a date chosen by Defendants. Failure of Plaintiff to appear and answer questions may lead to further sanctions, including the striking of Plaintiff's pleadings or entry of judgment in favor of Defendants.

## II.   Plaintiff's Responses to the Requests for Admission

Defendants request sanctions against Plaintiff for her responses to Defendants' Requests for Admission ("RFAs"). Dkt. No. 39 at 2–3. Specifically, Defendants take issue with Plaintiff's RFA responses objecting to the demands on the grounds that "there is a fundamental disagreement among the parties" and "the information sought goes to the heart of the issues in litigation," and Plaintiff's responses that she could not admit or deny where "scope of authority"

7

and "operations and finances" were not defined. *Id*; Dkt. No. 39-7. Defendants therefore request sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

Rule 37(b)(2) provides that:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless: a) the request was held objectionable under Rule 36(a); b) the admission sought was of no substantial importance; c) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or d) there was other good reason for the failure to admit.

Fed. R. Civ. Proc. 37(b)(2).

"If a party has failed to admit a matter when requested to do so under Rule 36, and the requesting party thereafter proves the truth of the matter, the requesting party may move after trial for an order that the party refusing to admit pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2290 (3d ed. 2020).

A different rule, Federal Rule of Civil Procedure 36(a)(6), addresses the sufficiency of an answer or objection to a request for admission. It provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection" to a request for admission, and "[u]nless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. Proc. 36(a)(6).

Defendants do not move under Rule 36(a)(6) and Defendants' motion for sanctions is premature under the text of Rule 37(b)(2).

Defendants' request for sanctions under Rule 37(b)(2) is accordingly denied without prejudice to their renewing that motion at a later time if the motion comports with the

8

requirements of Rule 37(b)(2), or to their filing a motion at this stage under Federal Rule of Civil Procedure 36(a)(6), identifying with specificity the particular requests to which Defendants find the answers and objections not to be justified and the basis upon which the answers or objections should be found not to be justified.

### III.  The Request for a Stay

Finally, Plaintiff requests that, in view of issues raised by a court order in another action, discovery be stayed.  Dkt. No. 42 at 1.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706–08 (1997).  However, the party seeking a stay "bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012).  Plaintiff has not proffered any reasons why this action should be stayed and no party has intervened to seek a stay.  Accordingly, the request for a stay is denied.

## CONCLUSION

The motion for sanctions is GRANTED IN PART AND DENIED IN PART.  Defendants are directed to submit an application for attorneys' fees and costs in accordance with this Order by September 1, 2024.  If Plaintiff so chooses, she may file an opposition brief solely limited to the issue of the amount of the attorneys' fees by September 15, 2024.  Plaintiff will be ordered to pay the approved attorneys' fees and costs within 30 days after the Court approves the final award.

The Clerk of Court is respectfully directed to close Dkt. No. 39.

SO ORDERED.

Dated: July 1, 2024
      New York, New York

                                       LEWIS J. LIMAN
                              United States District Judge