```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
HONG DANIELLE ACCETTOLA,                                             :
:
                Plaintiff,                                           :
:    23-cv-1983 (LJL)
      -v-                                                          :
:    ORDER
LINDA MEI HE et al.,                                                 :
:
                Defendants.                                          :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    On July 1, 2024, the Court issued a Memorandum and Order requiring Plaintiff Hong Danielle Accettola to pay Defendants' attorneys' fees as a sanction for her failure to appear at her noticed deposition on June 14, 2024. Dkt. No. 54. The Court ordered Plaintiff to pay the attorneys' fees and costs of Defendants in preparing for and attending the cancelled deposition and in preparing its motion for sanctions. *Id.* at 7.

    As a general matter, the "starting point" and "lodestar" in analyzing whether claimed attorneys' fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its hourly rates and requested hours are reasonable, and must provide a court with sufficient information to assess the fee application. *See Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011). The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case

effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). An attorney's hourly rate is considered reasonable when it is in line with those rates prevailing in the district in which the court sits "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M&B Builders Grp. Inc.*, 2018 WL 6067229, at *5 (S.D.N.Y. Nov. 19, 2018) (citation and punctuation omitted); *accord McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. In this process, the court has discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The only information Defendants provide regarding their attorney is that he bears the title "Of Counsel." Dkt. No. 58 at ECF p. 2. Accordingly, the Court finds that a rate of $300 an hour is reasonable. *See Ruradan Corp. v. City of New York*, 2024 WL 3567276, at *4 (S.D.N.Y. July 29, 2024) (awarding fees of $300 an hour "[i]n light of the prevailing market rate and the dearth of information as to Plaintiff's counsel's skill, experience"); *see also Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.* 2024 WL 3409278, at *7 (S.D.N.Y. July 15, 2024) (holding that courts have reduced fee requests where the fee applicant has not provided basic information necessary to assess the reasonableness of rates). An hourly rate of $115 an hour is appropriate for the paralegal. *See id.* at *8.

Counsel billed 5.5 hours related to the deposition on June 13, 2024 and 3.9 hours on the date of the deposition. Counsel also billed 2.9 hours preparing and filing the motion for sanctions. Accordingly, the Court awards Defendants $3,690 for the time of Defendants' lawyer. It was not the Court's intention to award Defendants fees for work that would benefit the rescheduled deposition. The 2.5 hours billed by the legal assistant are reasonable for a total of $287.50. Defendants have not substantiated that their costs were related to the cancelled deposition.

Plaintiff is ordered to pay Defendants a sum of $3,977.50 within thirty days of the date of this Order and to file proof of having done so with the Court. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 58.

SO ORDERED.

Dated: September 23, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge