UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
HONG DANIELLE ACCETTOLA, :
:
                 Plaintiff, :
:    23-cv-1983 (LJL)
    -v- :
:    MEMORANDUM AND
LINDA MEI HE et al., :    ORDER
:
                 Defendants. :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Hong Danielle Accettola ("Plaintiff") moves to remand this action to the New York State Supreme Court, New York County on the grounds that it was improperly removed pursuant to 28 U.S.C. § 1441(b)(2). Dkt. No. 68.

      Plaintiff's motion is based on a claim that Linda Mei He, WL Global Corp., We Education Group, Inc., and Wailian Overseas Consulting Group Ltd. ("Defendants") removed the action to federal court in violation of the forum defendant rule. Dkt. No. 70 at 2. Under Section 1441(b)(2) of Title 28, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

      Plaintiff's motion is untimely. Section 1447(c) of Title 28 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The provision further states: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* The statute thus draws a distinction between those defects that are jurisdictional and those that are procedural. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998). Motions to remand based on procedural defects must be made within 30 days of the notice of removal. *Id.*

The Second Circuit has long and consistently held that "section 1441(b)'s rule against removal where a defendant is a citizen of the forum [is] a procedural rule and [is] not jurisdictional." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005) (citing *Woodward v. D.H. Overmyer Co.*, 428 F.2d 880, 882–83 (2d Cir. 1970)); *see also Martha Barotz 2006-1 Ins. Trust v. Barotz*, 2020 WL 1819942, at *1 n.1 (S.D.N.Y. Apr. 10, 2020); *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, 2014 WL 123488, at *13 (E.D.N.Y. Jan. 10, 2014); *Holbein v. TAW Enterps., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc) (citing cases).

Defendants' notice of removal was filed on March 8, 2023. Dkt. No. 1. Plaintiff's motion to remand was not filed until November 15, 2024. Dkt. No. 68. Plaintiff does not dispute that the parties are diverse and that the Court has subject matter jurisdiction. *See* Dkt. No. 70 at 3 ("The fact that complete diversity may exist and that the amount in controversy exceeds $75,000 is of no consequence"). Thus, leaving aside the separate question whether the motion would have any merit were it timely filed, it must be denied as untimely. Though the Court ordered briefing on the motion to remand from the Defendants, *see* Dkt. No. 67, no such responsive briefing is necessary where the motion is plainly meritless and the parties' resources may be conserved by an expedited decision.

Plaintiff's motion to remand is therefore DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 68.

SO ORDERED.

Dated: November 19, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge